UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHANE CRIDER, | § § § § § § § § § § | |
| *Plaintiff,* | | |
| v. | | Civil Action No. 3:22-cv-00090-X |
| SENSE CORP., | | |
| *Defendant.* | | |

## MEMORANDUM OPINION AND ORDER

Under Federal Rule of Civil Procedure 41(b), the Court **DISMISSES WITHOUT PREJUDICE** plaintiff Shane Crider's case against defendant Sense Corp. for Crider's failure to prosecute his case and Crider and his lawyer's (Matthew Brantley Sapp) failure to comply with the Court's order [Doc. No. 7].

Crider filed his complaint against Sense Corp. in January 2022. Sense Corp. never appeared and has since been in default for a period in excess of 90 days. Crider never moved for default. On August 23, 2022, the Court ordered Crider to move for entry of default and to comply with Local Rule 55.3 no later than September 23, 2022 [Doc. No. 7]. The Court warned in the same document that "[f]ailure to file the appropriate documents may result in dismissal of this case against Sense Corp. without further notice." Crider never moved for entry of default.

Rule 41(b) allows the Court to "dismiss the action or any claim against" the defendant if "the plaintiff fails to prosecute or to comply with these rules or a court

order."[1]  Dismissal under Rule 41(b) may be *sua sponte*, but it may be with prejudice "only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action."[2]

What is clear is that dismissal is appropriate under Rule 41(b) because Crider has failed to prosecute his case and he and his attorney have disobeyed the Court's order.  The more difficult inquiry is whether that dismissal should be with prejudice or without prejudice.  The Court, in its discretion, notes that despite Crider and his lawyer's failures, the record lacks the findings of purposeful delay or contumaciousness and the Court has not already imposed the lesser sanctions necessary to warrant dismissal with prejudice—the heightened standard for dismissal with prejudice that Rule 41(b) requires.  Therefore, under Federal Rule of Civil Procedure 41(b), the Court **DISMISSES WITHOUT PREJUDICE** Crider's case against the defendant for Crider's failure to prosecute his case and Crider and his lawyer's failure to comply with the Court's orders.

**IT IS SO ORDERED** this 2nd day of November, 2022.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[1] FED. R. CIV. P. 41(b).

[2] *Long v. Simmons*, 77 F.3d 878, 879–80 (5th Cir. 1996).